**Cuti Hecker Wang LLP**            305 Broadway, Suite 607
New York, New York 10007

John R. Cuti
212.620.2601 tel
212.620.2611 fax

jcuti@chwllp.com

September 21, 2012

**By ECF and U.S. Mail**

Magistrate Judge Arlene Lindsay
United States District Court
Eastern District of New York
814 Federal Plaza
Central Islip, New York 11722-4451

      Re:  *Doerbecker et al. v. County of Nassau et al.*,
          No. 2:12-cv-02204-LDW-ARL

Dear Judge Lindsay:

      This firm represents the estate of Kurt Doerbecker, who was fatally shot in the back of the head by an officer of the Nassau County Police Department on August 30, 2011, and Albert and Marie Doerbecker, who we allege were falsely arrested and subjected to excessive force on or near their front porch at or around the time of the shooting, which took place in the family's backyard.  We write to request that the Court schedule a teleconference or an in-person Rule 16 initial conference to address a discovery issue that has become pressing:  compelling the County to identify, before the expiration of the statute of limitations on Plaintiffs' state law claims runs on November 28, 2012, the officers who detained Albert and Marie, directed or ordered that they be detained, and subjected them to physical force.

      Plaintiffs commenced this action on May 3, 2012.  At that time, Plaintiffs named only the County as a defendant because Plaintiffs did not know the names of the officers who shot Kurt, ordered that Albert and Marie be detained, detained Albert and Marie, or subjected them to physical force.  Plaintiffs learned some of this information when the District Attorney released a report explaining the findings of its investigation on or about July 9, 2012.  The following day, we contacted defense counsel and explained that while the report provided some names, it did not provide the names of the officers who directed or participated in the arrests of Albert or Marie.  About two weeks later, defense counsel provided three additional names of members of the NCPD who, as defense counsel put it, "detained the Doerbeckers."  With the consent of defense counsel, Plaintiffs then

filed and served an Amended Complaint naming the officers identified in the District Attorney's report and by defense counsel.

But defense counsel did not provide us with the names of the officers who *ordered* Albert and Marie detained. We therefore served the County with interrogatories seeking the identification of the officers who ordered the arrests of Albert and Marie. When the County responded to those interrogatories last week, it objected to them, taking the position that Albert and Marie were not in fact "arrested." We took issue with defense counsel's position, explaining that Albert and Marie plainly were "arrested" – the County acknowledges that Albert and Marie were handcuffed and placed in separate locked squad cars against their will for an extended period of time – and emphasizing, as we had emphasized to defense counsel repeatedly on prior occasions, the need to get these names prior to the expiration of the statute of limitations. Given where we are in the calendar, we proposed that defense counsel serve amended interrogatory responses that continued to object to the use of the word "arrested" but that nonetheless identified the officers who ordered that Albert and Marie be "detained." Defense counsel refused to do so, insisting that Plaintiffs serve new interrogatories and afford the County an additional thirty-day period in which to respond. We reluctantly did serve such new interrogatories, but we are concerned that if for whatever reason defense counsel takes the position in late October that it is unable to answer them – notably, defense counsel has told us that because the District Attorney's investigation remains ongoing, they have only limited access to the relevant documents and witnesses – we only will have approximately five weeks to engage in possible motion practice and/or to engage in further expedited discovery before the statute of limitations runs in late November.

In the end, none of this should matter, because Plaintiffs will be entitled to amend their complaint to add additional defendants after the statute of limitations runs, and to have their claims against such new defendants relate back to the filing of the original complaint, so long as they diligently attempted to identify the new defendants prior to the expiration of the statute of limitations, which we plainly have. Nonetheless, out of an abundance of caution, and in a continuing effort to make the diligent efforts that the relation-back doctrine requires, we respectfully request that the Court hold a teleconference or an in-person Rule 16 initial conference so that the Court may give the parties direction regarding the appropriate way to proceed under these circumstances.

Thank you very much for your consideration of this issue.

Respectfully submitted,

John R. Cuti

cc: Peter Laserna (by ECF and e-mail)
    Pablo Fernandez (by ECF and e-mail)