**EDWARD P. MANGANO**
County Executive



**JOHN CIAMPOLI**
County Attorney

**COUNTY OF NASSAU**
**OFFICE OF THE COUNTY ATTORNEY**
Ralph G. Caso Executive and Legislative Building
One West Street
Mineola, New York 11501-4820
516-571-3056

Writer's Telephone: 516-571-3011
Writer's Facsimile: 516-571-3058
Writer's E-Mail: pfernandez@nassaucountyny.gov

December 3, 2012

Via ECF and First Class Mail

Hon. Arlene R. Lindsay
United States Magistrate Judge
United States District Court
100 Federal Plaza
Central Islip, New York 11722

      Re:    Doerbecker v. Nassau County, et al.
               12-CV-2204 (LDW)(ARL)

Dear Judge Lindsay:

The Nassau County Attorney's Office represents Nassau County, Police Officer Shevach Berkovits, Sgt. Nicholas Stillman, Sgt. Jacqueline Lewis, Lt. John Kelly, Lt. John Hermann and Police Officer Edward Carlson (collectively "County Defendants") in connection with the above-referenced matter. County Defendants respectfully submit this correspondence as and for County Defendants' Response in Opposition to Plaintiff's application pursuant to Local Rule 37 (a). *See DE# 18.*

Plaintiffs' application should be denied as premature. Moreover, County Defendants have been responsive to all of Plaintiffs' requests. The fact that Plaintiffs have filed a second amended complaint that adds newly identified officers is evidence of that fact.

Local Rule 37.3 (a) and Rule 2.A (1) of Your Honor's Individual Rules, requires the parties to confer "in person or by telephone" prior to seeking relief from the Court. The fact that Plaintiffs are not in compliance with Local Rules and Your Honor's Individual Rules alone is a sufficient basis to deny Plaintiffs' application.

Plaintiff seeks an Order affording the following relief: (1) County Defendants respond to Plaintiffs' discovery demands; (2) produce responsive documents; (3) produce a privilege log; and (3) amend the initial disclosures.

This office has, on more than one occasion, explained to Plaintiffs that this office does not have

Hon. Arlene R. Lindsay
December 3, 2012

unfettered access to relevant documents as a result of the ongoing NCPD Homicide investigation. The Court acknowledged this fact at the Parties' initial conference. Therein, the Court expressed its view to Plaintiffs that the investigation may not be concluded until the end of December. However, the Court also warned County Defendants that the open investigation would not work to avoid production of documents. At that conference, the Court directed County Defendants to begin identifying the "Does."

In terms of the Nassau County District Attorney's file, the parties have not finalized the Confidentiality Agreement. Plaintiffs were advised that County Defendants would commence production of appropriate material upon an executed Confidentiality Agreement. In truth, County Defendants have not provided a response to Plaintiffs' comments. However, Plaintiffs' extensive proposed revisions to a *pro-forma* document which has been routinely approved by this Court necessitated consultation with multiple senior managing attorneys of this office. Nonetheless, County Defendants' response to the proposed revision shall be provided to Plaintiffs by the close of business on Wednesday, December 5, 2012, if agreeable to the Court.

To date, Counsel for County Defendants have provided Plaintiffs with: (a) the names of the "individuals who made the decision to detain the Doerbeckers;" (b) the names of the individuals who "detained" the Doerbeckers; and (c) the names of two of the officers that made entry into the home. Further, we have advised Plaintiffs' that this office continues to arrange to meet with those officers listed on County Defendants' Initial Disclosure.

However, due to the fact that a majority, if not all, of the officers are delegated to the night tour it has been a slower than expected process. Additionally, the recent natural disasters that the County experienced have made this entire process more arduous. Plaintiffs' concern of identifying key "Does" for the purposes of amending the pleadings has been addressed obviating the need at this time to immediately amend County Defendants' Initial Disclosure. Fed. R. Civ. P. 26 (a) requires a party to make initial disclosures "based on the information then reasonably available to it" but "[a] party is not excused from making its disclosures because it has not fully investigated the case...." *Lodge v. United Homes, LLC*, 787 F. Supp. 2d 247, 260 (E.D.N.Y. 2011). Those disclosures were made with information known to counsel in accordance with Fed. R. Civ. P. 26.

Moreover, Fed. R. Civ. P. 26 (e) provides that a party must supplement or correct its disclosure or responses in timely manner "if the party learns that in some material respect the disclosure or response is incomplete or incorrect, and if the additional or corrective information has not otherwise been made known to the other parties during the discovery process or in writing." *Thieriot v. Jaspan Schlesinger Hoffman, LLP*, CV 07-5315 TCP AKT, 2010 WL 4038765 (E.D.N.Y. Sept. 30, 2010). County Defendants have provided the information requested to Plaintiffs evidenced by the recent filing by Plaintiffs of an amended pleading. County Defendants have been and continue to provide Plaintiffs with information being requested if not formally then certainly informally.

Hon. Arlene R. Lindsay
December 3, 2012

For the foregoing reason, Plaintiffs' application should be denied in its entirety. Thanking the Court for its time and consideration, I remain

                                                          Respectfully,

                                                          Pablo A. Fernandez
                                                          Deputy County Attorney

cc:    Eric Hecker, Esq.
       John Cuti, Esq.
       Alex Goldenberg, Esq.
       *Plaintiffs' Attorneys*
       *Via ECF Only*