# EXHIBIT A

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------x

ALBERT DOERBECKER, Administrator of
the Estate of KURT DOERBECKER;
ALBERT DOERBECKER; and MARIE
DOERBECKER,

                Plaintiffs,                AFFIDAVIT

      -against-

                                                  12 Civ. 2204 (LDW)(ARL)

COUNTY OF NASSAU; POLICE OFFICER
SHEVACH BERKOVITS; SGT. NICHOLAS
STILLMAN; JACQUELINE LEWIS;
LT. JOHN KELLY; LT. JOHN HERMANN;
POLICE OFFICER EDWARD CARLSON;
AND JANE AND JOHN DOES 1-10,

                Defendants.
------------------------------------------------------------------x

STATE OF NEW YORK)
                     ) ss.:
COUNTY OF NASSAU )

        DOUGLAS NOLL, being sworn, deposes and states as follows:

        1.     I am an assistant district attorney, of counsel to the District Attorney of the County of Nassau, and am admitted to practice before this Court.

        2.     This affidavit is submitted in opposition to Plaintiffs' request that preliminary drafts of a report, issued by the Office of the Nassau County District Attorney ("NCDA"), titled "Investigation into the death of Kurt Albert Doerbecker," and dated July 9, 2012, be made available to plaintiffs in connection with the pending civil lawsuit captioned above. The NCDA is not a party to the captioned suit.

        3.     In response to a subpoena issued by plaintiff, the NCDA has provided virtually its entire file -- hundreds of pages of documents, plus discs of photographs, 911

calls, and radio transmissions -- to the litigants. Only the autopsy report, criminal history ("rap") sheets, and attorney work product reflecting the deliberative process of the NCDA's investigation (i.e., the preliminary drafts of the final report issued) were not disclosed. The NCDA opposes the release of the preliminary drafts of the report issued on July 9, 2012. Those drafts were pre-decisional materials, compiled precisely for the purpose of enabling the District Attorney to determine whether or not a prosecution was warranted in connection with the death of Kurt Albert Doerbecker. Accordingly, those drafts are protected by the deliberative process privilege, the official information privilege, and the Law Enforcement Privilege.

4. Both weighty and less serious prejudice would result from the forced disclosure of preliminary drafts of the report ultimately released. On the more serious side, disclosure of preliminary drafts would both reveal any possible disagreements in strategy, emphasis, and interpretation, and, more significantly, chill future open airing of disparate views in subsequent investigatory efforts. If each twist and turn in an investigation, thought process, and logical sequence is ultimately disclosable, future report drafters will hew to well-trodden, safe pathways and thought patterns. Questions about alternate possibilities will be less frequently raised. Unlikely scenarios will not be raised. Even provisional doubts as to the veracity of witnesses may not be expressed if those doubts, subsequently debunked, are to be made known in later, unrelated litigation. Any one of these contingencies would have a severe negative impact on the professional law enforcement activities by the NCDA.

5. Less serious, but cognizable, prejudice would also occur. An editor's possibly jocular criticism, never intended to be published, could mar a writer's

reputation. Some might conclude that six drafts of a document were too many, and a poor use of taxpayer supplied resources. Others might feel that ten drafts were insufficient in a case involving a death. Release of preliminary drafts of a document are an invitation to unwarranted, counter-productive micro-management of the delicate process of investigating a death and determining what legal consequences should accrue to one or more persons. The public is better served by a full, frank, confidential investigation with all due attention given to deliberative process, followed by a public accounting with the conclusions publically stated and justified. The NCDA is, properly, accountable for its investigations and legal conclusions. It is, concomitantly, entitled to conduct those investigations with the knowledge that errors caught and corrected in mid-investigation will not be needlessly disclosed; that plausible but ultimately unsupported theories once investigated (and rejected) will not be resurrected; and that preliminary factual questions raised, explored, and rejected will not later be incorrectly deemed final conclusions.

6. I am unaware that plaintiffs have made any showing as to how the preliminary drafts now in question would be necessary or even helpful to plaintiffs.

Douglas Noll
Assistant District Attorney

Sworn to before me this
3rd day of May, 2013

Notary Public

MARIE L MURPHY
NOTARY PUBLIC STATE OF NEW YORK
NASSAU COUNTY
LIC. #01MU4939165
COMM. EXP. 08/01/14