**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------------------------*
ALBERT DOERBECKER, Administrator of
the Estate of KURT DOERBECKER;
ALBERT DOERBECKER; and MARIE
DOERBECKER,

                       Plaintiffs,

-against-

COUNTY OF NASSAU; POLICE OFFICER
SHEVACH BERKOVITS; SGT. NICHOLAS
STILLMAN; SGT. JACQUELINE LEWIS;
LT. JOHN KELLY; LT. JOHN HERMANN;
POLICE OFFICER EDWARD CARLSON;
AND JANE AND JOHN DOES 1-10,

                       Defendants.
----------------------------------------------------------*

12 Civ. 2204 (LDW)(ARL)

NASSAU COUNTY DISTRICT
ATTORNEY'S OFFICE'S
OBJECTIONS and
PRIVILEGE LOG

## PRELIMINARY STATEMENT AND OBJECTIONS

To the extent that any responses are provided, the Defendants recognize and will abide by the definitions and rules of construction set forth in the Joint Civil Rules for the United States District Courts for the Southern and Eastern Districts of New York. Defendants are responding to Plaintiffs' First Request for Production of Documents pursuant to Federal Rules of Civil Procedure 26, 33 and 34 and, in so doing are interpreting words used by Plaintiffs according to their ordinary and normal meaning. The following responses are provided without prejudice to the Defendants' rights to produce evidence of any subsequently discovered facts. Defendants specifically reserve the right to amend, modify and/or supplement any and all responses herein as

additional facts are ascertained, analyses made, legal research completed, expert opinions exchanged, and contentions formulated.

By responding to any requests herein, the Defendants do not admit or concede the relevance, materiality or admissibility of the information or documents sought and do not waive, but rather, expressly reserve any and all objections to admissibility on the grounds of relevance, materiality or privilege.

This response is a Supplemental Response to the Defendants' Response to the Plaintiffs' First Request for Documents provided on February 1, 2013 and the Supplemental Responses provided on March 28, 2013. By producing these additional documents the Defendants do not waive any previously asserted objection or claim of privilege. Within this Supplemental Response the defendants have provided materials that were discussed with counsel and are provided as a means of resolving discovery disputes raised during those several discussions including a meet and confer telephone conference held on April 17, 2013.

**Objections.**

1. The Defendants as well as the non-party Nassau County District Attorney's Office object to the plaintiffs' counsel's informal request that non-party Nassau County District Attorney's Office produce documents that were identified as "attachments" to that office's internal emails.

2. In late December, 2012 plaintiff's counsel served a subpoena duces tecum upon the non-party Nassau County District Attorney's Office. That subpoena sought production of the District Attorney's file and the contents thereof. A detailed list of the items sought within that file was contained within the plaintiff's subpoena. The plaintiff's subpoena did not seek production of the Nassau County District Attorney's emails nor any attachments thereto. The Nassau County District Attorney's Office does not include nor consider its internal emails to be in anyway a part of their file with regard to its investigations and inquiries.

3. On February 1, 2013 the defendants' responded to the plaintiff's several discovery demands as well as to the non-party subpoena duces tecum served upon the Nassau County District Attorney's Office. The Nassau County District Attorney's Office produced its entire file in response to the subpoena, subject to a limited number of redactions as to names and

identifying information of civilian, non-party witnesses. The appropriate objections and privileges relied upon were delineated in that disclosure.

4. On February 14, 2013 counsel for the parties engaged in a telephone conference at which time these discovery responses were discussed. Plaintiffs' counsel raised an issue as to the whereabouts of the District Attorney's Office's emails. During that discussion it was made very clear that we did not consider the District Attorney's Office's emails to have been embraced within the subpoena, and further advised that the District Attorney's Office does not include nor consider its internal emails to be in anyway a part of their file nor pertinent to their investigations. We agreed to re-visit this issue thereafter with the District Attorney's Office.

5. Neither the Nassau County District Attorney's Office's emails not the attachments thereto were ever properly sought in discovery and were not itemized nor delineated in the plaintiff's subpoena duces tecum. These documents were not identified in plaintiff's several detailed and itemized discovery requests or in the subpoena duces tecum that the plaintiff's served upon the Nassau County District Attorney's Office.

6. As a means of streamlining discovery, resolving discovery disputes and in an effort to respond to the plaintiff request and ameliorate their concerns, on March 28, 2013 copies of the Nassau County District Attorney's Office's internal emails that related to the investigation into the events that give rise to this lawsuit were produced in discovery. These emails were produced unedited, although personal emails of the various Assistant District Attorneys were redacted.

7. Plaintiff's counsel has again objected and in a "meet and confer" telephone conference held on April 17, 2013 has stated that they also demand production of the attachments to these emails. The attachments to these emails consist of working drafts of the Nassau County District Attorney's Office's Final Report pertaining to its investigation into the shooting and death of Kurt Doerbecker. During that conference it was again made clear that at no time had plaintiff ever articulated any demand for said emails or for their attachments. From the text of the emails produced, it is clear that the attachments annexed thereto consist of working drafts of Interdepartmental Memoranda. The Nassau County District Attorney's Office maintains that these drafts and documents are privileged and are not subject to disclosure.

8. These documents are not subject to disclosure in this matter pursuant to the Deliberative Process Privilege; the Official Information Privilege; the Executive Privilege and the Law Enforcement Privilege. Pursuant to NLRB v. Sear, Roebuck & Co., 421 U.S. 132 (1975); Skibo v. City of New York, 109 F.R.D. 58 (E.D.N.Y. 1985); and Thompson v. Lynbrook Police Department et al., 172 F.R.D. 23; 1997 U.S. Dist. LEXIS 11071 (E.D.N.Y., Boyle, Mag. J., 1997), these draft memoranda were generated by assistant district attorneys who lack the authority to take final action and are necessarily pre-decisional. These draft memoranda are part of the District Attorney's deliberative process. Further, inasmuch as all documents pertinent to the investigation of these events as taken by the Nassau County Police Department and the

Nassau County District Attorney's Office have already been made available in discovery, the plaintiffs' need for these documents are far outweighed by the District Attorney's concerns that disclosure of its internal draft memoranda will have as chilling effect upon its effectiveness. The District Attorney's Office is not a party to this litigation, and the basis for its decision as to whether or not to prosecute in this case is not relevant to the issues in this litigation. See Davis v. City of New York, 2012 U.S.Dist. LEXIS 24834 (S.D.N.Y., Pitman, Mag. J., 2012).

10.    We agreed at plaintiffs' counsel's request to provide a privilege log with regard to these documents should they wish to litigate this matter further. That Log is annexed hereto.

Dated:     April 24, 2013

By: _____
Christopher Delamere Clarke (CDC 6160)
LEAHEY & JOHNSON P.C.
120 Wall Street
New York, New York 10005
212-269-7308

*Attorneys for Defendants*

TO:

CUTI HECKER WANG LLP
305 Broadway, Suite 607
New York, New York 10007
212-620-2602

*Attorneys for Plaintiffs*

| Date | Subject Matter | Type of Document | Other Identifying Information | Location | Privilege |
|---|---|---|---|---|---|
| Undated | Investigation and analysis | Initial draft | Handwritten notations | Appeals Bureau File Room, Room 305, 240 Old Country Road, Mineola, New York | Deliberative Process Privilege; Official Information Privilege; Executive Privilege[1] |
| Undated | Duplicate of the above | Duplicate of the above | Duplicate of the above | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| February 8, 2012 | Analysis of Investigation | Draft of Interdepartmental Memo | 18 pages | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| February 8, 2012 | Analysis of Investigation | Draft of Interdepartmental Memo | 19 pages | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| February 8, 2012 | Analysis of Investigation | Draft of Interdepartmental Memo | 32 pages, with highlighting | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| February 8, 2012 | Analysis of Investigation | Draft of Interdepartmental Memo | 30 pages, with highlighting | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| May 28, 2011 (sic) | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft only; contains handwritten notations | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |

---

[1] NLRB v. Sear, Roebuck & Co., 421 U.S. 132 (1975); Skibo v. City of New York, 109 F.R.D. 58 (E.D.N.Y. 1985); Thompson v. Lynbrook Police Department et al., 172 F.R.D. 23; 1997 U.S. Dist. LEXIS 11071 (E.D.N.Y., Boyle, Mag. J., 1997). These draft memoranda were generated by assistant district attorneys who lack the authority to take final action and are necessarily predecisional. These draft memoranda are part of the District Attorney's deliberative process. Further, inasmuch as the all documents pertinent to the investigation of these events as taken by the Nassau County Police Department and the Nassau County District Attorney's Office have already been made available in discovery, the plaintiffs' need for these documents are far outweighted by the District Attorney's concerns that disclosure of its internal draft memoranda will have as chilling effect upon its effectiveness. The District Attorney's Office is not a party to this litigation, and the basis for its decision as to whether or not to prosecute in this case is not relevant to the issues in this litigation.

Doerbecker v. County of Nassau, et al                                              12 Civ. 2204 (LDW)(ARL)
Nassau County District Attorney's Office Privilege Log

| Date | | | | | |
|---|---|---|---|---|---|
| May 28, 2011 (sic) | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft only, contains handwritten notations | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| May 28, 2011 (sic) | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft only, contains handwritten notations | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| May 28, 2011 (sic) | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft only, contains handwritten notations | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| May 28, 2011 (sic) | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft only | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| June 7, 2011 (sic) | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft 5 | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| June 7, 2011 (sic) | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft 5A; with handwritten notations | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| June 7, 2011 (sic) | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft 6, with handwritten notations | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| June 7, 2011 (sic) | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft 6, with handwritten notations | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| June 7, 2011 (sic) | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft 7, with handwritten notations | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| June 21, 2007 (sic) | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft 8 | " | Deliberative Process Privilege; Official Information Privilege; |

| Date | Type | Document | Notes | | Privileges |
|---|---|---|---|---|---|
| | | | | | Executive Privilege |
| June 21, 2012 | Analysis of Investigation | Draft of Interdepartmental Memo | Labeled incomplete draft 9 | " | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |
| June 22, 2012 | Analysis of Investigation | Draft of Interdepartmental Memo | Contains handwritten notations | | Deliberative Process Privilege; Official Information Privilege; Executive Privilege |