**CUTI HECKER WANG LLP**

305 BROADWAY, SUITE 607
NEW YORK, NEW YORK 10007

212.620.2601 TEL
212.620.2611 FAX

JCUTI@CHWLLP.COM

June 18, 2013

**By ECF (Courtesy Copy by Mail)**

Judge Leonard D. Wexler
United States District Court
944 Federal Plaza
Central Islip, New York 11722

      Re:  *Doerbecker et al. v. County of Nassau et al.*, No. 12-cv-02204-LDW-ARL

Dear Judge Wexler:

      We represent the Plaintiffs.  We write in opposition to Defendants' June 12, 2013 request for leave to file a summary judgment motion.  Defendants' application should be denied because a pre-deposition summary judgment motion would be, at best, premature under Rule 56(d).

      Before considering the merits of Defendants' letter, the Court should consider its curious timing.  Kurt Doerbecker was killed on August 30, 2011.  The District Attorney issued its report, following its lengthy investigation, on July 9, 2012.  Plaintiffs filed their Amended Complaint on July 27, 2012.  Defendants answered the Amended Complaint on September 21, 2012 – more than a year after the shooting, and more than two months after the District Attorney issued its report.  Defendants asserted qualified immunity as an affirmative defense, but they understandably did not move to dismiss the Amended Complaint on qualified immunity grounds, recognizing – having already gathered the facts – that whether the officers' use of force and arrests of Mr. and Mrs. Doerbecker were lawful involves numerous factual questions that cannot be resolved on the pleadings as a matter of law.  The case therefore proceeded to discovery.

      Defendants dragged their feet, engaging in dilatory behavior that Magistrate Judge Lindsay found "troubling."  As a result, Plaintiffs were forced to ask the Court for an extraordinary extension of the discovery deadline.  Notably, Defendants joined in that request.  On June 3, 2013, counsel met and conferred about the discovery schedule.  Both sides agreed that it was important to try to finish all fact depositions by August 9.  We set aside June 17, 18, and 25 and July 1 and 2 to take the depositions of the Doerbeckers and the three officers who witnessed the shooting, and we agreed to schedule the remaining fact depositions for dates between July 15 and August 9.  At no time did Mr. Clarke ever suggest that Defendants have a meritorious pre-deposition summary judgment motion that would obviate the need to conduct depositions.

      Defendants' sudden claim that discovery never should have begun, much less been extended, and that depositions need not have been scheduled and should be halted, makes no sense.  If Defendants are entitled to pre-deposition judgment as a matter of law now, then they were entitled to pre-deposition judgment as a matter of law when they answered.

On the merits, Defendants' claim that qualified immunity shields them from further litigation cannot be reconciled with the central fact in this case: that Officer Berkovits shot Kurt Doerbecker squarely in the back of his head. It is hard to argue that shooting a citizen in the back of his head is reasonable under any circumstances. Not surprisingly, when Officers Berkovits, Badolato, and Walters (the only witnesses to the shooting) were interviewed by the District Attorney's office weeks after the shooting, they offered self-serving narratives. But Defendants' insistence that their story is "irrebuttable" and "irrefutable" before Plaintiffs have been afforded the opportunity to take a single deposition violates the most basic rules of civil procedure. As the Second Circuit has recognized, where "the witness most likely to contradict the police officer's story – the person shot dead – is unable to testify," the Court "may not simply accept what may be a self-serving account by the police officer." *O'Bert v. Vargo*, 331 F.3d 29, 37 (2d Cir. 2003) (quoting *Scott v. Henrich*, 39 F.3d 912, 915 (9th Cir 1994)). Rather, it must "undertake a fairly critical assessment of . . . the officer's original report[] . . . to decide whether [it] could reasonably be rejected at a trial." *Id*. (quoting *Plakas v. Drinski*, 19 F.3d 1143 (7th Cir. 1994)).

Indeed, facts already in the record underscore the need for further discovery before either side moves for summary judgment. For example, Officer Badolato, the first officer to see Kurt after he exited his bedroom window, told investigators that Kurt had no weapon when he first emerged. Officer Badolato actually *holstered* his own weapon after his encounter with Kurt, raising doubt whether in the seconds that followed, Kurt drew a knife, lifted it over his head, and threatened the other officers with imminent harm. Additionally, Officer Berkovits (the shooter) told investigators that the man running toward him "looked like he was 9 feet tall" (Kurt was 5'5"), that Berkovits was "absolutely terrified," and that he stumbled and fell before firing the third and fatal shot. Regarding the false arrest claims, Defendants' claims that the Doerbeckers "barricad[ed] themselves inside their residence" and "refus[ed] to cooperate with a police investigation" are untrue. The evidence actually shows that the Doerbeckers were on the front steps of their home speaking voluntarily with the police at the time of their sudden and unlawful arrests. And there is sharply conflicting evidence about whether any officers had any discussions with them about guns in their home before they were arrested. Where, as here, the alleged constitutional violations are well-established, whether Defendants are entitled to qualified immunity is a question of fact that cannot be resolved on summary judgment – let alone before depositions. *See Davis v. County of Nassau*, 2013 WL 66021 (E.D.N.Y. Jan. 3, 2013) (Wexler, J.) (denying post-deposition summary judgment on excessive force claim against shooter).

None of the other cases Defendants cite supports their strained claim that they are entitled to pre-deposition qualified immunity as a matter of law. In *Hunter v. Bryant*, 502 U.S. 224, 228-29 (1991), the "undisputed evidence" included a note threatening the life of the President, its author's refusal to answer agents' questions, and the plaintiff's oral statement that the President "should have been assassinated." No additional discovery was needed because these uncontested facts were sufficient to merit qualified immunity. In *Mitchell v. Forsyth*, 472 U.S. 511, 530 (1985), qualified immunity existed as a matter of law because the right allegedly violated was not clearly established. And in *Anderson v. Creighton*, 483 U.S. 635, 646 & n.6 (1987), the Supreme Court critiqued the lower court's application of qualified immunity and remanded for that Court to determine whether additional discovery was warranted. In this case, critical facts are heavily disputed and the law is clearly established. A police officer plainly may not shoot someone in the back of the head unreasonably or arrest family members without probable cause

and in the absence of exigent circumstances. *See Scott v. Harris*, 550 U.S. 372, 382-83 (2007) (officers may use only such force as is objectively reasonable under the circumstances); *Dunaway v. New York*, 442 U.S. 200, 213 (1979) ("Fourth Amendment seizures are 'reasonable' only if based on probable cause.").

Rule 56(d) of the Federal Rules of Civil Procedure provides that a court should defer the adjudication of a summary judgment motion where the non-movant has not had the opportunity to conduct discovery and thus is unable to "present facts essential to justify its opposition." "Only in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery." *Hellstrom v. United States Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000). The nonmoving party "should not be 'railroaded' into his offer of proof in opposition to summary judgment" and "must have had the opportunity to discover information that is essential to his opposition." *Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) (citations omitted). Surely Plaintiffs are entitled to take depositions before the Court credits Defendants' supposedly "irrebuttable" and "irrefutable" version of the facts. Defendants' contention to the contrary is particularly perverse given that *they* availed themselves of the opportunity to take Mr. Doerbecker's deposition yesterday, and that they are deposing Mrs. Doerbecker as this letter is being filed.

Defendants' request for a blanket one-way discovery stay, made in a footnote without citing any authority, has no merit. "A party seeking a stay of discovery . . . bears the burden of showing good cause," and "[t]he pendency of a dispositive motion is not, in itself, an automatic ground for a stay." *Alford v. City of New York*, 2012 WL 947498, at *1 (E.D.N.Y. Mar. 20, 2012); Judge Wexler Amended Rule 2(G) ("Discovery is not stayed during the time period when a motion is pending before the court."). Discovery should be stayed "only when there are no factual issues in need of further immediate exploration." *Hachette Distribution, Inc. v. Hudson Cnty. News Co., Inc.*, 136 F.R.D. 356, 358 (E.D.N.Y. 1991). Defendants have not satisfied their heavy burden of demonstrating why discovery suddenly should be suspended, just after the Doerbeckers' depositions and shortly before the officers' depositions, in this very serious case.

Once Defendants' request for a stay is rejected, their purported entitlement to pre-deposition summary judgment falls of its own weight. The parties have agreed to try to complete fact depositions by August 9. Even if the Court were to allow Defendants to move for summary judgment now, fact depositions likely would be completed before the Court even had the opportunity to hear argument. That plainly would make no sense.

For all of these reasons, Defendants' belated application to move for summary judgment and to suspend discovery prior to taking any officers' depositions should be denied. If the Court disagrees and permits Defendants to move, Plaintiffs will submit the declaration required by Rule 56(d) with their opposition papers.

                                            Respectfully submitted,

                                            John R. Cuti

cc:      Christopher Clarke (by ECF)