UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------- X
ALBERT DOERBECKER, ADMINISTRATOR OF THE          12-CV-2204
ESTATE OF KURT DOERBECKER; ALBERT                 (LDW)(ARL)
DOERBECKER; and MARIE DOERBECKER,

Plaintiffs,                                        **ORDER**
-against-

COUNTY OF NASSAU; POLICE OFFICER SHEVACH
BERKOVITS; SGT. NICHOLAS STILLMAN; SGT.
JACQUELINE LEWIS; LT. JOHN KELLY; SGT. JOHN
HERMANN; POLICE OFFICER ADAM WOR; POLICE
OFFICER ROBERT GAROFALO and POLICE OFFICER
JARED BARRETTI,

Defendants.
------------------------------------------------------------------- X

FILED
IN CLERK'S OFFICE
U.S. DISTRICT COURT E.D.N.Y.
★   APR 22 2014   ★
LONG ISLAND OFFICE

**WHEREAS** the parties to this action have submitted the settlement agreement that is

attached hereto as Exhibit 1 (the "Settlement Agreement") for Court approval; and

**WHEREAS** the Court held a hearing regarding the fairness of the terms of the

Settlement Agreement and the allocation of the settlement funds on April 21, 2014; and

**WHEREAS** the Court directed counsel for Plaintiffs to provide the decedent's biological

mother, Gisa Schaeffer, with notice of and an opportunity to attend that hearing; and

**WHEREAS**, Ms. Schaeffer was duly notified and did attend the April 21, 2014 hearing,

together with counsel for the parties, and was afforded the opportunity to state her views on the

record; and

**WHEREAS** the Court finds each of the terms of the Settlement Agreement to be fair and

reasonable;

**NOW, THEREFORE**, it is hereby **ORDERED** pursuant to Rule 83.2(b) of the Local

Rules for the United States District Court for the Eastern District of New York as follows:

(1)    The Court approves the Settlement Agreement in its entirety;

(2)    The Court approves Plaintiffs' counsel's application for a total fee of $325,000.00, inclusive of all costs, which the Court finds is fair and reasonable, and to which the Plaintiffs have consented;

(3)    The Court directs that the net settlement proceeds of $675,000.00 shall be allocated as follows:

(a)    $575,000.00 shall be allocated to the Fourth Cause of Action in the Second Amended Complaint (Wrongful Death and Conscious Pain and Suffering) and shall be paid to the Estate of Kurt Doerbecker;

(b)    $25,000.00 shall be allocated to the Eighth Cause of Action in the Second Amended Complaint (False Arrest and Imprisonment) and shall be paid to Plaintiff Albert Doerbecker;

(c)    $25,000.00 shall be allocated to the Tenth Cause of Action in the Second Amended Complaint (Excessive Force) and shall be paid to Plaintiff Albert Doerbecker;

(d)    $25,000.00 shall be allocated to the Thirteenth Cause of Action in the Second Amended Complaint (False Arrest and Imprisonment) and shall be paid to Plaintiff Marie Doerbecker; and

(e)    $25,000.00 shall be apportioned to the Fifteenth Cause of Action in the Second Amended Complaint (Excessive Force) and shall be paid to Plaintiff Marie Doerbecker.

**IT IS SO ORDERED.**

Dated: April 27 2014

Hon. Leonard D. Wexler, U.S.D.J.

Central Islip, NY

# EXHIBIT 1

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------*
ALBERT DOERBECKER, Administrator of
the Estate of KURT DOERBECKER;
ALBERT DOERBECKER; and MARIE
DOERBECKER,
                              Plaintiffs,

        -against-

COUNTY OF NASSAU; POLICE OFFICER
SHEVACH BERKOVITS; SGT. NICHOLAS
STILLMAN; SGT. JACQUELINE LEWIS;
LT. JOHN KELLY; SGT. JOHN HERMANN;
POLICE OFFICER ADAM WOR; POLICE
OFFICER ROBERT GAROFALO and POLICE
OFFICER JARED BARRETTI,

                              Defendants.
-------------------------------------------------------*

12 Civ. 2204 (LDW)(ARL)


**SETTLEMENT
AGREEMENT**


        **THIS SETTLEMENT AGREEMENT** is made as of the 10th day of April, 2014
(the "Settlement Agreement"), by and between Albert Doerbecker in his capacity as the
Administrator of the Estate of Kurt Doerbecker (the "Estate"), Albert Doerbecker in his
individual capacity ("Mr. Doerbecker"), and Marie Doerbecker ("Mrs. Doerbecker")
(collectively "Plaintiffs"), and each of the above-named Defendants (the County of
Nassau, Shevach Berkovits, Nicholas Stillman, Jacqueline Lewis, John Kelly, John
Hermann, Adam Wor, Robert Garafalo, and Jared Barretti) (collectively "Defendants"),
by their attorneys, Leahey & Johnson, P.C.  Plaintiffs and Defendants sometimes are
referred to below individually as a "Party" or collectively as the "Parties."

**WITNESSETH:**

        **WHEREAS,** Plaintiffs commenced an action by Summons and Complaint against
Defendants in the United States District Court for the Eastern District of New York under
the case number listed above (the "Action");

        **WHEREAS,** the Parties, recognizing among other things the expenses and costs
of litigation, desire to settle and terminate the Action and its subject matters, without any
findings of wrongdoing or of liability against any Party hereto;

**NOW THEREFORE**, in consideration of the terms and conditions herein, the receipt and sufficiency of which are hereby acknowledged, and to avoid the time and expense attendant to continue to litigate the Action and its subject matter, the Parties hereto hereby agree to fully settle and dismiss the Action with prejudice on the following terms and conditions set forth in this Settlement Agreement:

1.      Contemporaneously with the execution of this Settlement Agreement, each Plaintiff shall execute a general release in favor of each individual Defendant, and a general release in favor of the County of Nassau, in the forms attached as Exhibit A hereto, the terms of each such release being fully incorporated herein by reference; and counsel for Plaintiffs shall execute a Stipulation and Order of Dismissal in the form attached as Exhibit B hereto.  Counsel for Defendants shall hold the executed releases and Stipulation and Order of Dismissal "in escrow" and shall not file same with the Court, nor shall the releases become effective, until counsel for Plaintiffs has confirmed in writing that Plaintiffs have received the Payment (as allocated by the Court pursuant to Paragraph 4 below) set forth in Paragraph 2 below.

2.      Subject only to (a) approval by the Court pursuant to Paragraph 4 below and (b) approval by the Nassau County Legislature and, to the extent legally required, the Nassau County Interim Finance Authority pursuant to Paragraph 10 below, the County of Nassau shall pay Plaintiffs the total sum of One Million Dollars ($1,000,000.00) (the "Payment") in full and final settlement of all claims raised by Plaintiffs in the Action, inclusive of all attorneys' fees and costs.

3.      Plaintiffs shall hold all Defendants harmless against any and all liens and/or estate claims which may be asserted against this settlement.

4.      Promptly after this Settlement Agreement is executed by counsel for the Parties on the Parties' behalf, Plaintiffs shall move the Court pursuant to Local Rule 83.2(b) to approve the terms of this Settlement Agreement, to approve Plaintiffs' attorneys' fees and costs, and to apportion the net settlement funds (that is, the settlement funds that remain after Court-approved attorneys' fees and costs have been deducted) (the

2

"Net Settlement Funds") among the Estate, Mr. Doerbecker, and Mrs. Doerbecker. The County of Nassau shall make the Payment by paying the Court-approved attorneys' fees and costs directly to Plaintiffs' counsel and by paying directly to the Estate, Mr. Doerbecker, and Mrs. Doerbecker whatever portion of the Net Settlement Funds the Court apportions to it, he, and/or she. The Parties agree that Payment will be made only upon Court approval of the entire settlement.

5.      Other than this Action, Plaintiffs represent that they have not commenced, maintained, prosecuted, or participated in any action, charge, complaint, or proceeding of any kind relating to the allegations in this Action against the County of Nassau, or its officers, employees, or officials, on their own behalf and/or on behalf of any other person and/or on behalf of or as a member of any alleged class of persons, that currently is pending in any court, or before any administrative or investigative body or agency, and acknowledge that this representation constitutes a material inducement for the County to enter into this Settlement Agreement.

6.      Plaintiffs acknowledge that they have been represented throughout this Action by Cuti Hecker Wang LLP and have been given an opportunity to consult with counsel prior to authorizing their counsel to execute this Settlement Agreement on their behalf. Plaintiffs acknowledge that they have carefully read this Settlement Agreement in its entirety, including the Exhibits hereto; understand the terms of this Settlement Agreement; voluntarily assent to all terms, conditions, and obligations contained herein; are authorizing their counsel to sign this Settlement Agreement voluntarily and of their own free will; and have neither solicited nor received any legal or tax advice from counsel for Defendants. The Defendants acknowledge that they currently are represented in this Action by Leahey & Johnson, P.C. and have been given an opportunity to consult with counsel prior to authorizing their counsel to execute this Settlement Agreement on their behalf. The Defendants acknowledge that they have carefully read this Settlement Agreement in its entirety, including the Exhibits hereto; understand the terms of this Settlement Agreement; voluntarily assent to all terms, conditions, and obligations contained herein; are authorizing their counsel to sign this Settlement Agreement

3

voluntarily and of their own free will; and have neither solicited nor received any legal or tax advice from counsel for Plaintiffs.

      7.     It is understood and agreed that this Settlement Agreement is entered into pursuant to a settlement which is the compromise of any disputed claims which the Parties may have; that any payments made under this Settlement Agreement are made solely to avoid any further expense; that this Settlement Agreement and the actions taken pursuant hereto are not to be construed as constituting any determination of the merits of any claims in this dispute and are not to be construed as constituting any admission of liability or wrongdoing on the part of the County of Nassau or its employees, P.O. Shevach Berkovits, Sgt. Nicholas Stillman, Sgt. Jacqueline Lewis, Lt. John Kelly, Sgt. John Hermann, P.O. Adam Wor, P.O. Robert Garofalo, P.O. Jared Baretti or on the part of the Plaintiffs; and that all Parties expressly deny any such liability or wrongdoing. In addition, notwithstanding the provisions of any paragraph herein, this Settlement Agreement shall not bind or collaterally estop the County of Nassau in pending or future actions or proceedings in which the same or similar issues are raised, from defending any and all issues raised in said actions or proceedings, or from advancing any defenses.

      8.     For the avoidance of doubt, the Parties and their counsel (a) shall comply with Paragraph 9(b) of the Confidentiality Agreement dated January 11, 2013 (the "Confidentiality Agreement") and shall, within 30 days of receipt of Payment as described in Paragraph 2 herein, return to opposing counsel, or destroy pursuant to the Confidentiality Agreement, all copies of all Confidential Information produced in accordance with the Confidentiality Agreement, including without limitation with respect to Confidential Information made available to any and all experts, including without limitation to Michael Haag; and (b) reaffirm their agreement to Paragraph 9(e) of the Confidentiality Agreement, which provides that the Confidentiality Agreement "shall survive the final termination of this action with respect to Confidential Information" and that the Court "shall retain jurisdiction over the parties and counsel for the parties as necessary to enforce" the Confidentiality Agreement.

4

9.      The Parties and their respective counsel agree that no Party (or its, his, or her counsel) will make any public statement that any other Party or Parties were found liable or found to have acted wrongfully in connection with the events that are the subject of this Action.  Counsel for the Parties will limit any public statements or remarks to the following:  "The Plaintiffs and the Defendants have resolved this matter to their satisfaction."

10.     This Settlement Agreement shall not be binding on the County of Nassau and shall not take effect until and unless all requisite approvals have been obtained from (i) the Nassau County Legislature; and, to the extent legally required, (ii) the Nassau County Interim Finance Authority ("NCIFA").  Counsel for Defendants shall make diligent efforts to submit all documents necessary to obtain these approvals in a timely manner.  If this Settlement Agreement is not approved by the Nassau County Legislature or the NCIFA or if the Payment is not made within ninety (90) days from the date that the NCIFA meets in June 2014 or by September 30, 2014, whichever is earlier (the "Payment Deadline"), then this Settlement Agreement shall no longer be binding upon the Parties, unless a written agreement extending the Payment Deadline is signed by counsel for all Parties (for the avoidance of doubt, there may be more than one such agreement) (a "Payment Extension").  If there is no Payment Extension, then counsel for the Parties shall promptly notify the Court that the Settlement Agreement is no longer binding and shall jointly request that the Court schedule the trial for the earliest practicable date.

11.     Counsel for Defendants has represented, and Plaintiffs understand, that the earliest this matter may be presented to the NCIFA is June of 2014.

12.     The rights and obligations of the Parties hereunder shall be construed and enforced in accordance with, and shall be governed by, either federal common law or the laws of the State of New York, as appropriate, without regard to principles of conflict of laws.

5

13. This Settlement Agreement constitutes and contains the entire agreement and understanding between the Parties hereto concerning the subject matter addressed herein and supersedes and replaces all prior negotiations and agreements, whether written or oral, concerning the subject matter hereof.

14. This Settlement Agreement is binding upon, and shall inure to the benefit of, the Parties hereto and their respective heirs, executors, beneficiaries, administrators, successors, and assigns. By the signatures appearing below, counsel for the Plaintiffs represent and warrant that they are authorized to enter into this Settlement Agreement on behalf of each Plaintiff, and counsel for the Defendants represent and warrant that they are authorized to enter into this Settlement Agreement on behalf of each Defendant.

15. If any provision of this Settlement Agreement or the application thereof is held invalid, such invalidation shall not affect other provisions or applications of this Settlement Agreement and to this end, the provisions of this Settlement Agreement are declared to be severable.

16. This Settlement Agreement cannot be modified except in writing signed by all Parties hereto or their duly authorized counsel.

17. This Settlement Agreement may be executed in counterparts, and each counterpart, when executed, shall have the efficacy of a signed original but all of which shall constitute one and the same instrument.

18. Each Party waives, to the fullest extent permitted by law and equity, his, her, or its right to a jury trial in any action to enforce the terms of this Settlement Agreement. Any action to enforce the terms of this Settlement Agreement shall be filed in the United States District Court for the Eastern District of New York in Central Islip, New York.

6

*Doerbecker v. County of Nassau*                        *12 Civ. 2204(LDW)(ARL)*

*Settlement Agreement*

   **IN WITNESS WHEREOF**, the parties hereto, intending to be legally bound, have caused this Settlement Agreement to be executed as of the dates set forth below by their respective counsel.

Dated: New York, New York
       April 10, 2014

John R. Cuti
Cuti Hecker Wang LLP
305 Broadway, Suite 607
New York, New York 10007
(212-620-2601)

*Counsel for Plaintiffs*


Christopher Delamere Clarke
Leahey & Johnson, P.C.
120 Wall Street
New York, New York 10005
(212-269-7308)

*Counsel for Defendants*

7

**EXHIBIT A**

## GENERAL RELEASE

ALBERT DOERBECKER, Administrator of the Estate of Kurt Doerbecker, a plaintiff in the action entitled *DOERBECKER, et al., v. COUNTY OF NASSAU, POLICE OFFICER SHEVACH BERKOVITS, SGT. NICHOLAS STILLMAN, SGT. JACQUELINE LEWIS, LT. JOHN KELLY, SGT. JOHN HERMANN; POLICE OFFICER ADAM WOR, POLICE OFFICER ROBERT GAROFALO and POLICE OFFICER JARED BARRETTI,* UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, 12 Civ. 2204 (LDW) (ARL), being over the age of eighteen (18) years and residing at 165 Bayside Drive, Point Lookout, New York, as "RELEASOR", in consideration of the payment of ONE MILLION DOLLARS ($1,000,000.00) to the plaintiffs in the above referenced action, does hereby release and forever discharge the County of Nassau and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the County of Nassau[3] from liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims (including claims for wrongful death and personal injury arising from the events of August 30, 2011) from the beginning of the world to the date of this General Release, including claims for costs, expenses and attorneys' fees.

**In further consideration** of the payment set for above, RELEASOR hereby waives, releases and forever discharges the COUNTY RELEASEES from any and all claims, known or unknown, past, and/or future conditional payments, arising out of the RELEASOR's Medicare eligibility for and receipt of Medicare benefits related to the claimed injury in this matter, and/or arising out of the provision of primary payment (or appropriate reimbursement), including causes of action pursuant to 42 U.S.C. section 1935y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

The words "RELEASOR" and "COUNTY RELEASEE" include all releasers and all releases under this RELEASE.

This RELEASE may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE FULLY AND UNDERSTANDS IT.**

IN WITNESS WHEREOF, I have executed this Release on 10 day of April , 2014

_____ , Plaintiff
(Signature)
Sworn to before me this 10
day of April , 2014

_____
NOTARY PUBLIC

JUSTYNA MAZEWSKA
Notary Public, State of New York
Qualified in Suffolk Co.
No. 01MA6288034
My Commission Expires 08-27-2016

---

[3] This Release does not relate to the individually named defendants. Plaintiffs have executed a separate General Release as to each other defendant sued in this matter.

## GENERAL RELEASE

ALBERT DOERBECKER, Administrator of the Estate of Kurt Doerbecker, a plaintiff in the action entitled *DOERBECKER, et al., v. COUNTY OF NASSAU, POLICE OFFICER SHEVACH BERKOVITS, SGT. NICHOLAS STILLMAN, SGT. JACQUELINE LEWIS, LT. JOHN KELLY, SGT. JOHN HERMANN; POLICE OFFICER ADAM WOR, POLICE OFFICER ROBERT GAROFALO and POLICE OFFICER JARED BARRETTI,* UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, 12 Civ. 2204 (LDW) (ARL), being over the age of eighteen (18) years and residing at 165 Bayside Drive, Point Lookout, New York, as "RELEASOR", in consideration of the payment of ONE MILLION DOLLARS ($1,000,000.00) to the plaintiffs in the above referenced action, does hereby release and forever discharge POLICE OFFICER SHEVACH BERKOVITS, SGT. NICHOLAS STILLMAN, SGT. JACQUELINE LEWIS, LT. JOHN KELLY, SGT. JOHN HERMANN; POLICE OFFICER ADAM WOR, POLICE OFFICER ROBERT GAROFALO and POLICE OFFICER JARED BARRETTI, (collectively the "OFFICER RELEASEES"), from any and all claims, causes of action, suits, debts, sums of money, accounts, controversies, transactions, occurrences, agreements, promises, damages, judgments, executions, and demands whatsoever, known or unknown, which RELEASOR had, now has or hereafter can, shall or may have, either directly or through subrogees or other third persons, against the OFFICER RELEASEES for, upon or by reason of any matter, cause or thing that arise out of or relate to the facts of or the claims asserted in the above referenced action through the date of this RELEASE.   This RELEASE and settlement constitutes complete payment and satisfaction for all damages and injuries, including all claims for costs, expenses, attorney's fees and disbursements.

**In further consideration** of the payment set for above, RELEASOR hereby waives, releases and forever discharges the OFFICER RELEASEES from any and all claims, known or unknown, past, and/or future conditional payments, arising out of the RELEASOR's Medicare eligibility for and receipt of Medicare benefits related to the claimed injury in this matter, and/or arising out of the provision of primary payment (or appropriate reimbursement), including causes of action pursuant to 42 U.S.C. section 1935y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

The words "RELEASOR" and "OFFICER RELEASEE" include all releasers and all releases under this RELEASE.

This RELEASE may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE FULLY AND UNDERSTANDS IT.**

IN WITNESS WHEREOF, I have executed this Release on 10 day of April, 2014

_____, Plaintiff

(Signature)
Sworn to before me this 10

day of April, 2014

_____
NOTARY PUBLIC

JUSTYNA MAZEWSKA
Notary Public, State of New York
Qualified in Suffolk County
No. 01MA6268034
My Commission Expires 06-27-2016

## GENERAL RELEASE

ALBERT DOERBECKER, a plaintiff in the action entitled *DOERBECKER, et al., v. COUNTY OF NASSAU, POLICE OFFICER SHEVACH BERKOVITS, SGT. NICHOLAS STILLMAN, SGT. JACQUELINE LEWIS, LT. JOHN KELLY, SGT. JOHN HERMANN; POLICE OFFICER ADAM WOR, POLICE OFFICER ROBERT GAROFALO and POLICE OFFICER JARED BARRETTI*, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, 12 Civ. 2204 (LDW) (ARL), being over the age of eighteen (18) years and residing at 165 Bayside Drive, Point Lookout, New York, as "RELEASOR", in consideration of the payment of ONE MILLION DOLLARS ($1,000,000.00) to the plaintiffs in the above referenced action, does hereby release and forever discharge the **County of Nassau** and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the County of Nassau[1] (collectively the "COUNTY RELEASEES") from any and all liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims (including claims for wrongful death and personal injury arising from the events of August 30, 2011) from the beginning of the world to the date of this General Release, including claims for costs, expenses and attorneys' fees.

**In further consideration** of the payment set for above, RELEASOR hereby waives, releases and forever discharges the COUNTY RELEASEES from any and all claims, known or unknown, past, and/or future conditional payments, arising out of the RELEASOR's Medicare eligibility for and receipt of Medicare benefits related to the claimed injury in this matter, and/or arising out of the provision of primary payment (or appropriate reimbursement), including causes of action pursuant to 42 U.S.C. section 1935y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

The words "RELEASOR" and "COUNTY RELEASEE" include all releasers and all releases under this RELEASE.

This RELEASE may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE FULLY AND UNDERSTANDS IT.**

**IN WITNESS WHEREOF,** I have executed this Release on 10 day of April , 2014

_____ , Plaintiff

(Signature)
Sworn to before me this 10
day of April , 2014

NOTARY PUBLIC

JUSTYNA MAZEWSKA
Notary Public, State of New York
Qualified in Suffolk County
No. 01MA8268034
My Commission Expires 08-27-2016

JUSTYNA MAZEWSKA
Notary Public, State of
Qualified in Suf
No. 01MA...
My Commission Expires...   no

---

[1] This Release does not relate to the individually named defendants. Plaintiffs have executed a separate General Release as to each other defendant sued in this matter.

## GENERAL RELEASE

ALBERT DOERBECKER, a plaintiff in the action entitled *DOERBECKER, et al., v. COUNTY OF NASSAU, POLICE OFFICER SHEVACH BERKOVITS, SGT. NICHOLAS STILLMAN, SGT. JACQUELINE LEWIS, LT. JOHN KELLY, SGT. JOHN HERMANN; POLICE OFFICER ADAM WOR, POLICE OFFICER ROBERT GAROFALO and POLICE OFFICER JARED BARRETTI*, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, 12 Civ. 2204 (LDW) (ARL), being over the age of eighteen (18) years and residing at 165 Bayside Drive, Point Lookout, New York, as "RELEASOR", in consideration of the payment of ONE MILLION DOLLARS ($1,000,000.00) to the plaintiffs in the above referenced action, does hereby release and forever discharge POLICE OFFICER SHEVACH BERKOVITS, SGT. NICHOLAS STILLMAN, SGT. JACQUELINE LEWIS, LT. JOHN KELLY, SGT. JOHN HERMANN; POLICE OFFICER ADAM WOR, POLICE OFFICER ROBERT GAROFALO and POLICE OFFICER JARED BARRETTI, (collectively the "OFFICER RELEASEES"), from any and all claims, causes of action, suits, debts, sums of money, accounts, controversies, transactions, occurrences, agreements, promises, damages, judgments, executions, and demands whatsoever, known or unknown, which RELEASOR had, now has or hereafter can, shall or may have, either directly or through subrogees or other third persons, against the OFFICER RELEASEES for, upon or by reason of any matter, cause or thing through the date of this RELEASE. This RELEASE and settlement constitutes complete payment and satisfaction for all damages and injuries, including all claims for costs, expenses, attorney's fees and disbursements.

**In further consideration** of the payment set for above, RELEASOR hereby waives, releases and forever discharges the OFFICER RELEASEES from any and all claims, known or unknown, past, and/or future conditional payments, arising out of the RELEASOR's Medicare eligibility for and receipt of Medicare benefits related to the claimed injury in this matter, and/or arising out of the provision of primary payment (or appropriate reimbursement), including causes of action pursuant to 42 U.S.C. section 1935y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

The words "RELEASOR" and "OFFICER RELEASEE" include all releasers and all releases under this RELEASE.

This RELEASE may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE FULLY AND UNDERSTANDS IT.**

IN WITNESS WHEREOF, I have executed this Release on 11 day of April, 2014

_____, Plaintiff

(Signature)
Sworn to before me this 11

day of April, 2014

_____
NOTARY PUBLIC

BASEM SHENODA
Notary Public - State of New York
NO. 01SH6281742
Qualified in Nassau County
My Commission Expires May 13, 2017

## GENERAL RELEASE

**MARIE BOVE DOERBECKER**, a plaintiff in the action entitled *DOERBECKER, et. al., v. COUNTY OF NASSAU, POLICE OFFICER SHEVACH BERKOVITS, SGT. NICHOLAS STILLMAN, SGT. JACQUELINE LEWIS, LT. JOHN KELLY, SGT. JOHN HERMANN; POLICE OFFICER ADAM WOR, POLICE OFFICER ROBERT GAROFALO and POLICE OFFICER JARED BARRETTI*, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, 12 Civ. 2204 (LDW) (ARL), being over the age of eighteen (18) years and residing at 165 Bayside Drive, Point Lookout, New York, as "RELEASOR", in consideration of the payment of ONE MILLION DOLLARS ($1,000,000.00) to the plaintiffs in the above referenced action, does hereby release and forever discharge the County of Nassau and all past and present officers, directors, managers, administrators, employees, agents, assignees, lessees, and representatives of the County of Nassau[2] from liability, claims, or rights of action alleging a violation of my civil rights and any and all related state law claims (including claims for wrongful death and personal injury arising from the events of August 30, 2011) from the beginning of the world to the date of this General Release, including claims for costs, expenses and attorneys' fees.

**In further consideration** of the payment set for above, RELEASOR hereby waives, releases and forever discharges the COUNTY RELEASEES from any and all claims, known or unknown, past, and/or future conditional payments, arising out of the RELEASOR's Medicare eligibility for and receipt of Medicare benefits related to the claimed injury in this matter, and/or arising out of the provision of primary payment (or appropriate reimbursement), including causes of action pursuant to 42 U.S.C. section 1935y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

The words "RELEASOR" and "COUNTY RELEASEE" include all releasors and all releases under this RELEASE.

This RELEASE may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE FULLY AND UNDERSTANDS IT.**

**IN WITNESS WHEREOF**, I have executed this Release on 10th day of April, 2014

_Marie Bove Doerbecker_ Plaintiff

(Signature)

Sworn to before me this 10th

day of April, 2014

_____

NOTARY PUBLIC

ALISON M. D'ELIA
NOTARY PUBLIC, State of New York
No. 01DE6419674
Qualified in Nassau County
Commission Expires 02/18/20 15

---

[2] This Release does not relate to the individually named defendants. Plaintiffs have executed a separate General Release as to each other defendant sued in this matter.

## GENERAL RELEASE

MARIE BOVE DOERBECKER, a plaintiff in the action entitled *DOERBECKER, et al., v. COUNTY OF NASSAU, POLICE OFFICER SHEVACH BERKOVITS, SGT. NICHOLAS STILLMAN, SGT. JACQUELINE LEWIS, LT. JOHN KELLY, SGT. JOHN HERMANN; POLICE OFFICER ADAM WOR, POLICE OFFICER ROBERT GAROFALO and POLICE OFFICER JARED BARRETTI*, UNITED STATES DISTRICT COURT, EASTERN DISTRICT OF NEW YORK, 12 Civ. 2204 (LDW) (ARL), being over the age of eighteen (18) years and residing at 165 Bayside Drive, Point Lookout, New York, as "RELEASOR", in consideration of the payment of ONE MILLION DOLLARS ($1,000,000.00) to the plaintiffs in the above referenced action, does hereby release and forever discharge POLICE OFFICER SHEVACH BERKOVITS, SGT. NICHOLAS STILLMAN, SGT. JACQUELINE LEWIS, LT. JOHN KELLY, SGT. JOHN HERMANN; POLICE OFFICER ADAM WOR, POLICE OFFICER ROBERT GAROFALO and POLICE OFFICER JARED BARRETTI, (collectively the "OFFICER RELEASEES"), from any and all claims, causes of action, suits, debts, sums of money, accounts, controversies, transactions, occurrences, agreements, promises, damages, judgments, executions, and demands whatsoever, known or unknown, which RELEASOR had, now has or hereafter can, shall or may have, either directly or through subrogees or other third persons, against the OFFICER RELEASEES for, upon or by reason of any matter, cause or thing through the date of this RELEASE.  This RELEASE and settlement constitutes complete payment and satisfaction for all damages and injuries, including all claims for costs, expenses, attorney's fees and disbursements.

In further consideration of the payment set for above, RELEASOR hereby waives, releases and forever discharges the OFFICER RELEASEES from any and all claims, known or unknown, past, and/or future conditional payments, arising out of the RELEASOR's Medicare eligibility for and receipt of Medicare benefits related to the claimed injury in this matter, and/or arising out of the provision of primary payment (or appropriate reimbursement), including causes of action pursuant to 42 U.S.C. section 1935y(b)(3)(A) of the Medicare, Medicaid and SCHIP Extension Act of 2007.

The words "RELEASOR" and "OFFICER RELEASEE" include all releasors and all releases under this RELEASE.

This RELEASE may not be changed orally.

**THE UNDERSIGNED HAS READ THE FOREGOING RELEASE FULLY AND UNDERSTANDS IT.**

IN WITNESS WHEREOF, I have executed this Release on 10th day of APRIL, 2014

_____, Plaintiff
(Signature)
Sworn to before me this 10th
day of APRIL , 2014

_____
NOTARY PUBLIC
AURORA D. D'ELIA
NOTARY PUBLIC, State of New York
Nr. 01DE6000674
Qualified in Nassau County
Commission Expires 02/18/20__

**EXHIBIT B**

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------- X
ALBERT DOERBECKER, ADMINISTRATOR OF THE     **12-CV-2204**
ESTATE OF KURT DOERBECKER; ALBERT     **(LDW)(ARL)**
DOERBECKER; and MARIE DOERBECKER,

                                **STIPULATION OF**
                        Plaintiffs,     **DISMISSAL**

                -against-

COUNTY OF NASSAU; POLICE OFFICER SHEVACH
BERKOVITS; SGT. NICHOLAS STILLMAN; SGT.
JACQUELINE LEWIS; LT. JOHN KELLY; SGT. JOHN
HERMANN; POLICE OFFICER ADAM WOR; POLICE
OFFICER ROBERT GAROFALO and POLICE OFFICER
JARED BARRETTI,

                         Defendants.
-------------------------------------------------------------------- X

      Plaintiffs Albert Doerbecker as Administrator of the Estate of Kurt Doerbecker and

Albert Doerbecker and Marie Doerbecker, Individually, and Defendants, County of Nassau,

Police Officer Shevach Berkovits, Sgt. Nicholas Stillman, Sgt. Jacqueline Lewis, Lt. John Kelly,

Lt. John Hermann, Police Officer Adam Wor, Police Officer Robert Garofalo and Police Officer

Jared Barretti by their attorneys and pursuant to Fed. R. Civ. P. 41 et seq., hereby stipulate to the

dismissal of the Plaintiffs' Complaint in its entirety with prejudice, and state, as follows:

      1.     Plaintiffs and Defendants have reached a settlement of this matter and therefore

seek dismissal of all claims asserted by the plaintiffs as against all Defendants with prejudice.

Said settlement is inclusive of Plaintiffs' costs, disbursements and attorney's fees.

      **IT IS HEREBY FURTHER STIPULATED AND AGREED** that no party hereto is an

infant or incompetent person to whom a committee has been appointed and no person not a party

has an interest in the subject matter of the action.

WHEREFORE the parties respectfully request that this Court issue an Order of Dismissal consistent with this Stipulation.

IT IS SO STIPULATED.

Dated: April 10, 2014

John R. Cuti (JC 3365)
CUTI HECKER WANG LLP
305 Broadway
New York, New York 10007
212-620-2602
jcuti@chwllp.com

*Attorneys for Plaintiffs*

Christopher Delamere Clarke (CDC 6160)
LEAHEY & JOHNSON, P.C.
120 Wall Street, 20th floor
New York, New York 10005
212-269-7308
cclarke@leaheyandjohnson.com

*Special Counsel to Carnell T. Foskey,
Nassau County Attorney*

*Attorneys for Defendants*